# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>                                  Plaintiff,<br>     vs.<br><br>FELIX LATIMORE, et al.,<br><br>                                  Defendants. | CASE NO. 11-CV-40 JLS (RBB)<br><br>**ORDER: GRANTING IN PART AND DENYING IN PARTY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>(ECF No. 7) |

Presently before the Court is Plaintiff Liberty Media Holdings, LLC's unopposed motion for entry of default judgment against Defendant Felix Latimore. (Mot., ECF No. 7.) For the following reasons, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Plaintiff, a purveyor of "high quality adult entertainment films," filed this action for copyright infringement, trademark infringement, and injunctive relief on January 7, 2011.[1] (Compl. ¶ 1, ECF No. 1.) Defendant was served with summons and the complaint on January 20, 2011. (Return of Service, ECF No. 4.) Defendant failed to plead or otherwise defend against the action, and on February 23, 2011, the Clerk entered Defendant's default. (Entry of Default, ECF No. 6.) Plaintiff now moves for default judgment against Defendant under Federal Rule of Civil Procedure 55. (Mot.)

---

[1] According to Plaintiff, Defendant unlawfully obtained a copy of one of Plaintiff's copyrighted films—*Down on the Farm*—"and now he manufactures DVDs of this movie and then sells those DVDs to the public." (Compl. ¶ 1, ECF No. 1.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 permits a court to enter default judgment. A court is to grant or deny default judgment at its discretion. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has set out seven factors for a court to consider when exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (citation omitted). When weighing these factors, well-pleaded factual allegations not related to the amount of damages are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6). To prove damages, a plaintiff may submit declarations or the Court may hold an evidentiary hearing. *See Affinity Grp., Inc. v. Balser Wealth Mgmt.*, 2007 WL 1111239, at *1 (S.D. Cal. Apr. 10, 2007).

**ANALYSIS**

**1.   Default Judgment**

*A.   Possibility of Prejudice to the Plaintiff*

*Eitel's* first factor looks to whether the plaintiff would suffer prejudice if its motion were denied. *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). In this case, prejudice would result from a denial. By his default, Defendant has admitted all of the complaint's allegations. *TeleVideo Sys.*, 826 F.2d at 917–18. With the facts undisputed, should the Court decline to enter a default judgment now, Plaintiff will have no further avenue of recovery. Therefore this factor favors the entry of default.

*B.   Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint*

The second and third factors concern the merits and sufficiency of the underlying claims. *See Affinity Grp.*, 2007 WL 1111239, at *2. Although Plaintiff alleges substantive claims for both

copyright and trademark infringement, Plaintiff's motion focuses on its copyright claim. (*See* Mem. ISO Mot. 3–6, ECF No. 7-1.) Accordingly, the Court limits its analysis to this claim.

To prevail on its copyright infringement claim, Plaintiff must prove (1) ownership of the copyright, and (2) that Defendant violated at least one of the exclusive rights granted to copyright holders. *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1156 (9th Cir. 2006); *see* 17 U.S.C. § 106 (granting copyright holders the exclusive right to reproduce the copyrighted work, to distribute copies of the work, and to publicly display the work). Further, to establish that Defendant's infringement was willful, Plaintiff must show that Defendant knew that his conduct constituted an act of infringement. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir. 1990).

Here, Plaintiff alleges that it owns the copyright for the full-length DVD *Down on the Farm* (Compl. ¶¶ 20, 27; *id.* Ex. 1), which Defendant allegedly copied and distributed without authorization (*id.* ¶¶ 1, 23–25, 28, 31–36, 39). Therefore, Plaintiff has satisfied both elements of a copyright infringement claim under 17 U.S.C. § 501(a).

Plaintiff has also established that Defendant's infringement was willful. Specifically, Plaintiff alleges that Defendant "knew that the infringed upon works belonged to Plaintiff." (Compl. ¶ 28.) Defendant's advertisement on the "sell.com" website, attached to Plaintiff's complaint, falsely claimed that the item was "a copy of the original made with the express written consent of the copyright holder." (Compl. Ex. 2.) Defendant's default as to these allegations supports a finding of willful copyright infringement. *See Derek Andrews, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *Tiffany, Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (inferring willfulness from defendant's failure to defend).

### C.     *Sum of Money at Stake in the Action*

The fourth *Eitel* factor examines the amount of money at issue. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. 2007) (citation omitted). In this case, Plaintiff seeks $25,000 in statutory damages. (Mem. ISO Mot. 5–6.) Although this is not insignificant, it is not so great as to caution against the granting of default

judgment. *See, e.g.*, *Eitel*, 782 F.2d at 1472 (finding that the district court did not abuse its discretion in denying the entry of default judgment where the amount of damages sought was almost $3 million). Therefore, this factor favors Plaintiff.

### D. *Possibility of a Dispute Concerning Material Facts*

Factor five, the potential for dispute of the material facts, also favors Plaintiff. Defendant, even though served, has not responded to the complaint or any of Plaintiff's subsequent filings. The Court finds that Defendant is unlikely to appear now to contest this matter, and therefore, this factor favors entry of default judgment.

### E. *Possibility of Excusable Neglect*

Defendant has made no showing as to excusable neglect. And when a defendant has been served with notice of the complaint and the application for default judgment, there is effectively no potential that the defendant's default was due to excusable neglect. *See, e.g.*, *Cantos*, 2008 WL 2326306, at *3; *Affinity Grp.*, 2007 WL 1111239, at *3. Therefore, the sixth factor also favors granting Plaintiff's motion.

### F. *Policy Favoring Decision on the Merits*

Finally, default judgment will not be denied as a result of the seventh factor. "While the public policy favoring disposition of cases on their merits weighs against default judgment, that single factor is not enough to preclude [default judgment]." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). "Moreover, Defendant's failure to answer Plaintiff['s] [c]omplaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F.Supp. 2d at 1177. The Court will not decline to grant default judgment solely based on this policy.

### G. *Conclusion*

In light of the *Eitel* factors, the Court **GRANTS** Plaintiff's motion for default judgment with respect to its copyright infringement claim.

### 2. **Damages**

As stated above, Plaintiff seeks $25,000 in statutory damages for Defendant's copyright infringement. (Mem. ISO Mot. 5–6.) Where a plaintiff prevails on a copyright infringement claim, the Copyright Act provides for statutory damages "in a sum not less than $750 or more than $30,000

1  as the court considers just." 17 U.S.C. § 504(c)(1). In cases of willful infringement, "the court in its
2  discretion may increase the award of statutory damages to a sum not more than $150,000." *Id.*
3  § 504(c)(2).

4  Under the Copyright Act, "[a] plaintiff may elect statutory damages regardless of the adequacy
5  of the evidence offered and the amount of the defendant's profits." *Columbia Pictures Television v.*
6  *Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (internal quotation marks
7  and citation omitted). If the plaintiff elects to receive statutory damages, "'[t]he court has wide
8  discretion in determining the amount of statutory damages to be awarded, constrained only by the
9  specified maxima and minima.'" *Id.* (quoting *Peer Int'l Corp.*, 909 F.2d at 1336). In exercising this
10 discretion, the court "is guided by what is just in the particular case, considering the nature of the
11 copyright, the circumstances of the infringement, and the like." *L.A. News Serv. v. Reuters Television*
12 *Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).

13 Statutory damages are especially appropriate where, as here, the defendant has failed to plead
14 or otherwise defend against the action, thus increasing the difficulty of ascertaining Plaintiff's actual
15 damages. *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). The amount of damages
16 Plaintiff requests is within the range set forth for non-willful infringement and is less than the
17 $150,000 Plaintiff is entitled to request given the finding of Defendant's willfulness. However, it is
18 at the high end of the range of damages ordinarily awarded in comparable cases. *See, e.g.*, *Disney*
19 *Enters., Inc. v. San Jose Party Rental*, 2010 WL 3894190, at *2 (N.D. Cal. Oct. 1, 2010) ($10,000 per
20 infringement); *Pearson Educ., Inc. v. Wong*, 2010 WL 476685, at *6 (N.D. Cal. Feb. 3, 2010)
21 ($15,000 per protected work); *Warner Bros. Entm't Inc. v. Duhy*, 2009 U.S. Dist. LEXIS 123332, at
22 *8 (C.D. Cal. Nov. 9, 2009 ($25,000 per infringed copyright); *Sony BMG Music Entm't v. Rezabala*,
23 2009 WL 2877601, at *3 (E.D. Cal. Sept. 3, 2009) ($750 per infringement); *Microsoft Corp. v. Evans*,
24 2007 WL 3034661, at *6 (E.D. Cal. Oct. 17, 2007) (awarding $10,000 where actual number of
25 infringements was not known, but complaint alleged that defendant was in the business of selling
26 copyrighted works). On one hand, Defendant has admitted by his default that he is in the business of
27 selling infringing works. On the other, Plaintiff's complaint only identifies one specific instance of
28 infringement. Under the circumstances, the Court exercises its discretion and **AWARDS** Plaintiff

1  $10,000 in statutory damages.

2  **3.     Injunctive Relief**

3  Plaintiff also seeks an injunction against future similar misconduct by Defendant. (Mem. ISO Mot. 6.)  The Copyright Act authorizes permanent injunctive relief for copyright infringement "to prevent or restrain infringement of [a plaintiff's] copyright."  17 U.S.C. § 502; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154 n.1 (9th Cir. 2007); *see Perfect 10, Inc. v. Netsaits B.V.*, 2011 WL 531302, at *3 (S.D. Cal. Feb. 8, 2011) (granting permanent injunction upon entry of default judgment against defendant in copyright infringement action).  As discussed above, Plaintiff has established Defendant's liability for willful copyright infringement. And "[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, [P]laintiff is entitled to permanent injunctive relief." *Jackson*, 255 F. Supp. 2d at 1103.

**4.     Attorney's Fees**

Finally, Plaintiff requests $1700 in attorney's fees. (Mem. ISO Mot. 6.)  The Copyright Act authorizes an award of "a reasonable attorney's fee to the prevailing party [in a copyright infringement action as part of the costs."  17 U.S.C. § 505.

Plaintiff's Vice President of Intellectual Property Management, Eric Gapp, declares that he has "reviewed the time entries for [Plaintiff's counsel] Marc Randazza's work on this matter and believe[s] that $425 is a reasonable rate for Mr. Randazza's experience and caliber." (Gapp Decl. ISO Mot. ¶ 9, ECF No. 7-2.)  However, Mr. Gapp's unadorned declaration falls short of establishing the reasonableness of Plaintiff's attorney's fees request.  It does not describe Mr. Randazza's "experience and qualifications," his "ordinary billing rates," or "the services that [he] provided to [Plaintiff] during the course of this action."  *Autodesk, Inc. v. Flores*, 2011 WL 1884694, at *2 (N.D. Cal. May 18, 2011).  Accordingly, Plaintiff's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated, Plaintiff's motion for entry of default judgment against Defendant is **GRANTED**.  Judgment is entered in Plaintiff's favor in the amount of $10,000 in statutory damages. Plaintiff's request for permanent injunctive relief is also **GRANTED**.  Defendant, and each of his

1 successors, employees, agents, representatives, and any entities owned or controlled by him, shall be
2 and **ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED** from violating Plaintiff's
3 exclusive rights under the Copyright Act, including but not limited to copying; reproducing;
4 distributing; displaying; adapting; offering or making available for sale or downloading; or otherwise
5 infringing or contributing to the infringement of, any copyrighted video owned by Plaintiff. Finally,
6 Plaintiff's request for attorney's fees is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a
7 properly supported attorney's fees request <u>within 7 days of the date that this Order is electronically
8 docketed</u>.

     **IT IS SO ORDERED.**

DATED: July 11, 2011

                                *Janis L. Sammartino*
                                Honorable Janis L. Sammartino
                                United States District Judge